IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| MARSHA FORRESTER, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | |
| ) | |
| AMERICAN SECURITY AND PROTECTION ) | |
| SERVICE LLC, ) | Case No. 5:20-cv-204 (TBR) |
| ) | |
| – and – ) | |
| ) | |
| F. MICHAEL JONES, | |
| | |
| *Defendants.* | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marsha Forrester worked as a security employee for the Defendants. Plaintiff brings this action against the Defendants under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, alleging that Defendants failed to pay her and other employees for pre- and post-shift work, refused to compensate her and other employees for overtime work, and did not maintain proper records. Before the Court is Plaintiff's Motion for Conditional Certification and Notice to Potential Plaintiffs (Pl.'s Mot.), Dkt. 11, and Defendants' Motion to Dismiss (Defs.' Mot.), Dkt. 13.[1] If the Court grants any part of the Defendants' motion, Plaintiff asks to amend her complaint. *See* Pl.'s Opp'n, Dkt. 16, at 8–9. For the reasons stated below, the Court grants Defendants' motion to dismiss.

---

[1] Defendant American Security and Protection Service LLC and Defendant Michael Jones filed identical motions to dismiss. *See* Jones Mot. to Dismiss, Dkt. 13; *see also* ASPS Mot. to Dismiss, Dkt. 14. The Court will refer to both Defendants' motions as Defs.' Mot., Dkt. 13.

1

I.      FACTUAL BACKGROUND

According to the complaint, American Security and Protection Service LLC is a security firm operating across multiple states, owned and operated by its CEO F. Michael Jones (collectively, "Defendants").  Compl. ¶¶ 13, 16, Dkt. 1.  Defendants employed Marsha Forrester as a security worker from approximately March 2019 to November 2019.  *Id.* ¶¶ 26–28.  During that time Plaintiff was paid on an hourly basis, at a rate ranging from $11 to $12.75 an hour.  *Id.* ¶¶ 27–28.

Plaintiff alleges that the Defendants implemented a "pass down" policy that required employees to arrive at work ten to fifteen minutes before their scheduled shift.  *Id.* ¶ 29; *see also* Forrester Decl. ¶ 5, Dkt. 11-2.  The purpose of this pass down system, it appears, was to create an overlap period between the shifts.  *See* Compl. ¶ 29.  Plaintiff states that each pass down involved "several shift-change duties" and that employees who did not report ten to fifteen minutes early were "disciplined."  *Id.*  According to Plaintiff, pass downs were performed "every workday" and were "a part of [employees'] fixed and regular working time."  *Id.* ¶¶ 34.  Plaintiff further alleges that she and other employees complained to the Senior Vice President at American Security and Protection Service, meaning that Defendants were aware that employees were not being paid for pass down time.  Forrester Decl. ¶ 12.  And yet, for all that, Plaintiff claims that Defendants failed to record pass downs, *id.* ¶¶ 35, 42–43, and refused to compensate employees for time spent during pass downs, *id.* ¶ 34.

Plaintiff further alleges that, including pass down time, employees routinely worked beyond their scheduled hours and above the forty-hour overtime threshold.  *Id.* ¶¶ 30, 39–40.  Despite this, Plaintiff claims that Defendants did not pay her and other similarly situated employees overtime compensation.  *Id.*

Darreck Ramsdell, a similarly situated employee hoping to join this lawsuit, echoes, almost verbatim, all of Plaintiff's allegations. Ramsdell Decl. ¶¶ 1–14, Dkt. 11-2.

Plaintiff filed this lawsuit on December 22, 2020, seeking conditional certification of a collective action; an order for notice to all class members that litigation is pending; and a judgment against Defendants, awarding Plaintiff damages for unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs. Compl. at 7–8. Defendants oppose each of these requests. *See* Defs.' Mot.

## II.   DEFENDANTS' MOTION TO DISMISS

### A.  Failure to State a Claim

#### i. *Legal Standard*

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*citing Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.' " *Tackett*, 561 F.3d at 488 (*quoting Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### ii. *Discussion*

Plaintiff claims that Defendants violated the FLSA in three different ways. First, the FLSA requires employers to compensate all non-exempt employees at one and one-half times their "regular rate" if they work over 40 hours per week. 29 U.S.C. § 207(a)(1). Plaintiff claims that Defendants failed to pay this overtime compensation. Second, the FLSA requires employers to pay their employees for compensable work, even if that work occurs while off-duty. *Id.* §§ 201 *et seq*. Plaintiff alleges that Defendants did not pay her for compensable work. Third, the FLSA imposes recordkeeping requirements on employers. *Id.* § 211(c). Employers are required to, among other things, record overtime-eligible employees' daily and weekly hours. 29 C.F.R. § 516.2. Plaintiff maintains that Defendants did not keep these records.

Defendants make seven total arguments as to why all three of Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim.[2] The first two arguments pertain to Plaintiff's overtime claim. Defendants argue that: (1) Plaintiff failed to plead any "facts or instances" relevant to her overtime claim, Defs.' Mot. at 4; and (2) Plaintiff did not report her overtime to Defendants, *id.* at 5. The next four arguments pertain to Plaintiff's compensation claim for pass down time. Here, Defendants contend that: (1) Plaintiff failed to describe with sufficient detail her pass down responsibilities, *id.* at 8–10; (2) pass down duties are preliminary

---

[2] Plaintiff asks the Court to deny Defendants' motion to dismiss because it is untimely. *See* Pl.'s Opp'n at 4. The Federal Rules of Civil Procedure require defendants to serve a responsive pleading within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants were served on January 26, 2021; the 21-day deadline, therefore, was February 16, 2021; but Defendants filed their motion to dismiss three days later on February 19, 2021. *See* Pl.'s Opp'n at 4. Defendants explain that their untimeliness was the result of Michael Jones being hospitalized during waiver of service discussions and Defendants' counsel not being copied on one of Plaintiff's filings. *See* Defs.' Reply, Dkt. 18, at 6. The Court will consider Defendants' motion to dismiss because it has not "observed anything in the procedural history of this case to suggest that Defendants waited to challenge this claim for the purpose of delaying the case or for some other improper reason." *Wilmington Tr. Co. v. AEP Generating Co.*, No 2:13-cv-1213, 2016 WL 1259567, at *6 (S.D. Ohio Mar. 28, 2016), *rev'd in part*, 854 F.3d 332 (6th Cir. 2017); *see also Adams v. Tennessee*, No. 3:04-cv-00346, 2011 WL 3236609, at *2–3 (M.D. Tenn. July 29, 2011) (observing that Rule 12 "was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes whereby numerous pretrial motions could be made, . . . a course of conduct that often was pursued for the sole purpose of delay").

and postliminary activities, not compensable work, *id.* at 4–5; (3) the ten to fifteen minutes of pass down time in question is de minimis, *id.* at 5–6; and (4) Defendant's pass down system was part of a valid rounding policy, *id.* at 7–8. Defendants' last argument pertains to Plaintiff's claim about Defendants' alleged failure to keep accurate records. Defendants argue that: (1) Plaintiff does not give sufficient detail as to why the timesheets were improper. *Id.* at 9. Each of these arguments are addressed below.

With regard to the overtime claim, Defendants first argue that Plaintiff failed to plead enough details about particular pass downs and alleged overtime hours, which, according to Defendants, makes Plaintiff's overtime claim speculative enough to require dismissal. *See* Defs.' Mot. at 4. Plaintiff responds that the complaint is specific enough to survive a Rule 12(b)(6) motion to dismiss. *See* Pl.'s Opp'n at 6–8. Defendants correctly identify this part of Plaintiff's complaint as falling below the standard announced in *Twombly/Iqbal*.

Courts have adopted different approaches to evaluate the sufficiency of FLSA overtime claims. On the one hand, "[m]any courts have held . . . that a plaintiff should at a minimum allege approximately the number of hours worked for which overtime wages were not received." *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 667–68 (D. Md. 2011) (collecting cases). On the other hand, "[m]any courts have found the basic allegation that plaintiff worked overtime more than forty hours in a week and did not receive overtime compensation to be sufficient." *Id.* at 668 (collecting cases).

At least one other Judge in this District seems to approve of the latter, more lenient approach, citing approvingly to cases that permitted plaintiffs to meet the plausibility requirement in numerous ways other than estimating a specific number of overtime hours. *See Anderson v. GCA Servs. Grp. of N. Carolina, Inc.*, No. 1:15-CV-37-GNS, 2015 WL 5299452, at

\*4 (W.D. Ky. Sept. 9, 2015). In that case, *Anderson v. GCA Servs. Grp. of N. Carolina, Inc.*, the Judge explained that "[t]o state an overtime violation of the FLSA, a complaint must establish (1) an employer-employee relationship, (2) that the employees are covered, (3) the employees worked more than forty hours, and (4) that overtime was not paid." *Id.*; *see also* 29 U.S.C. § 207(a). But still, *Anderson* does not give plaintiffs a license to plead "factual allegations with little factual support." 2015 WL 5299452, at \*4. In fact, the Judge in *Anderson* dismissed the plaintiffs' overtime claim. *Id.* There, the plaintiffs simply alleged that they "work for, or have worked for, the [d]efendant," "were not paid," and were required "to work in excess of forty . . . hours a week." *Id.* Such bare allegations, the Judge concluded, do not meet the *Twombly*/*Iqbal* pleading standard. *Id.*

Plaintiff argues, as she should, that under *Anderson* she has pled sufficient detail to survive a motion to dismiss the overtime claim. *See* Pl.'s Opp'n at 2–3. But fatal to Plaintiff's argument here is the fact that her complaint contains precisely the same type of bare assertions that the *Anderson* court rejected as insufficient. Plaintiff simply claims that she was employed from "approximately March to November 2019," Compl. ¶ 28, that she was required to perform "unpaid" pass down activities "every workday," *id.* ¶ 34, and that she "routinely worked [forty] or more hours per workweek," *id.* ¶ 39. Missing from Plaintiff's complaint is any information about the specific weeks that she worked overtime, the length of her average workweek during the applicable period, or an approximation of the number of overtime hours worked. *See id.*; *see also Anderson*, 2015 WL 5299452, at \*4. While Plaintiff does provide her average rate of pay, that information alone is not enough to permit the Court to find the claim plausible. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) ("A plaintiff may establish a plausible claim" by estimating "the average rate at which she was paid" *and* "the length of her

average workweek during the applicable period."). Like the plaintiffs in *Anderson*, Plaintiff here merely recited the base statutory elements and failed to sufficiently plead facts supporting a claim for unpaid overtime under the FLSA.[3]

Thus, even when applying the more lenient standard that permits an FLSA overtime claim to proceed without the plaintiff estimating a specific number of overtime hours worked, Plaintiff's overtime claim is still deficient.

Defendants also argue that Plaintiff never reported that she worked overtime hours. *See* Defs.' Mot. at 5. However, this argument misses the mark because "[a] motion to dismiss is not the proper means by which to advance new factual claims." *Kinetic Sys. Inc. v. IPS-Integrated Project Servs.*, LLC, No. 20-CV-1125-SM, 2021 WL 2291314, at *3 (D.N.H. June 4, 2021). But surviving this attack does not resurrect Plaintiff's overtime claim from the failures described above. The overtime claim still fails to meet the plausibility requirement.

With regard to the compensation claim, the Defendants first argue that Plaintiff's description of her responsibilities during pass down—Plaintiff stated that she was required to perform "several shift-change duties"—does not meet the pleading standard. *See* Defs.' Mot. at 8. Plaintiff recycled her responses to the overtime claim here, saying, in essence, that the compensation claim in the complaint does in fact meet the pleading requirements. *See* Pl.'s Opp'n at 6–8.

Again, Plaintiff's complaint fails to pass muster. Plaintiff provides the Court with only three words to describe the activities she performed during pass down. They are "several shift-

---

[3] It is worth noting, too, that this conclusion is consistent with how courts outside of this district have applied the more lenient standard. *See e.g.*, *Lincoln-Odumu v. Med. Faculty Assocs., Inc.*, No. 15-cv-1306, 2016 WL 6427645, at *13 (D.D.C. July 8, 2016) (finding that complaint sufficiently pled FLSA overtime claim because it "identifie[d] six specific weeks during the relevant period during which the plaintiff allege[d] she worked at least four and a half overtime hours for which she was never compensated").

change duties." Compl. ¶ 29. Without more definite information, it is impossible for the Court to assess Plaintiff's claim that the work was compensable. Case law supports this conclusion. The First Circuit, for instance, emphasized the importance of "describe[ing] the nature of the work performed" during the time in question, suggesting that at a minimum a plaintiff must include in the complaint some specific information about the type of work. *Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012). Many district courts have embraced this approach. *See Cooley v. HMR of Alabama, Inc.*, 259 F. Supp. 3d 1312, 1322 (N.D. Ala. 2017) (collecting cases); *see also id.* ("The Court is persuaded that, when a plaintiff alleges that he was required to perform work during periods of time . . . in which he ordinarily is not compensated, that the plaintiff should, at a minimum, allege the type of compensable work he performed.").

The Court therefore finds that Plaintiff's claim for failure to compensate employees for pre- and post-shift work is deficient because Plaintiff never describes the nature or type of work performed during pass down.

Defendants' next three arguments about Plaintiff's pass down claim are best taken together. Defendants contend that the pass down activities prior to and after Plaintiff's shift were not compensable work, rather Plaintiff was merely engaging in preliminary and postliminary activities. To support this claim, Defendants direct the Court to *Powell v. Nw. Res. Co.*, 104 F. App'x 964 (5th Cir. 2004). Defendants also assert that the pass down time was de minimis, citing *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509 (E.D. Tex. 2005). On top of that, Defendants claim that their pass down policy was part of a larger rounding policy. Defendants cite *Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069 (9th Cir. 2016) to support this argument. Defendants' reliance on *Powell*, *Hesseltine*, and *Corbin* is misplaced. All three cases dealt with specific questions—*Powell* with the question of

preliminary and postliminary activities, *Hesseltine* with the question of de minimis time, and *Corbin* with the question of rounding policies—in the context of summary judgment. To that extent, those cases do not guide the Court's decision on how to rule on Defendants' motion to dismiss. These issues are better suited for resolution with a summary judgment motion than a motion to dismiss under Rule 12(b)(6). But even though the Defendants' arguments fail here, Plaintiff's compensation claim still does not meet the pleading requirements, *see supra*, and is deficient.

With regard to the recordkeeping claim, Defendants only argue that Plaintiff failed to provide sufficient detail as to why the timesheets were improper. *See* Defs.' Mot. at 9. Plaintiff did not respond to this specific argument. *See* Pl.'s Opp'n

The Court finds that Plaintiff's claim fails to meet the pleading requirements set out in *Twombly/Iqbal*. The only information alleged by Plaintiff is that Defendants "shared control and maintenance of employment records," Compl. ¶ 21, and that Defendants "failed to make, keep[,] and preserve records of the unpaid work performed by Plaintiff," *id.* ¶ 42. At no point does Plaintiff provide the Court with any information that Defendants failed to record. *See id.* Rather, Plaintiff simply recites the statutory elements, which is not enough for the complaint to be well-pleaded. *See Acosta v. Min & Kim, Inc.*, 919 F.3d 361, 367 (6th Cir. 2019) (finding an insufficient-recordkeeping allegation was sufficient when paired "with the information that [defendants] failed to record").

In sum, none of Plaintiff's claims—the overtime claim, the compensation claim, and the recordkeeping claim—provide sufficient detail to survive a Rule 12(b)(6) motion to dismiss. Accordingly, the Court grants Defendants' motion to dismiss on the grounds that Plaintiff's complaint fails to state a claim.

### B. Claim Preclusion

#### i. *Legal Standard*

"Claim preclusion prevents parties from litigating matters that 'should have been advanced in an earlier suit.' " *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (*quoting Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). To bar a lawsuit on claim preclusion grounds, defendants must show "(1) 'a final judgment on the merits' in a prior action; (2) 'a subsequent suit between the same parties or their privies'; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Id.* (*quoting Montana v. United States*, 440 U.S. 147, 153, (1979)).

#### ii. *Discussion*

Defendants assert that Plaintiff's claims are barred by claim preclusion because a plaintiff in an "identical lawsuit," *Hall v. American Security and Protection Service LLC*, settled his claims and voluntarily dismissed the suit with prejudice. *See* Defs.' Mot at 3; *see also Hall v. American Security and Protection Service LLC*, 5:20-cv-00190 (TBR). Essentially, Defendants argue that the plaintiff in *Hall*, James Hall, is the brother of Plaintiff, Defs.' Mot. at 3, *Hall* dealt with the same FLSA claims at issue in this case, *id.*, *Hall* was dismissed with prejudice after the plaintiff settled, *id.* at 3, Defs.' Reply, Dkt. 18 at 3, and Marsha Forrester could have been named as a plaintiff in *Hall*, Defs.' Reply at 3. Plaintiff responds, arguing that the first two elements of claim preclusion are inapplicable because *Hall* was not a judgment on the merits and the plaintiffs in the two cases are neither the same party nor privies. Pl.'s Opp'n, at 4–6.

The first element of a claim preclusion claim is met; *Hall* was a final judgment on the merits. Even though the plaintiff in *Hall* settled with one of the Defendants, it was dismissed

10

with prejudice. *See Hall*, 5:20-cv-00190 (TBR), *see also* Hall Dismissal, Dkt. 13-1. And "dismissals with prejudice generally are judgments on the merits that bar plaintiffs from refiling their claims in the court that dismissed them." *Wheeler*, 907 F.3d at 766; *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (stating that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice' "). In practice, a dismissal with prejudice is enough to conclude that the prior case was decided on the merits. *See, e.g.*, *Bowman v. Fister*, No. 16-6642, 2017 WL 5495717, at *2 (6th Cir. Mar. 22, 2017). Plaintiff directs the Court to *Craighead v. Full Citizenship of Md., Inc.*, where a "dismiss[al] pursuant to a settlement and stipulation of dismissal" was held "no[t] [to be] a judgment on the merits." No. CV PX-17-595, 2018 WL 925416, at *2 (D. Md. Feb. 16, 2018). But the problem with Plaintiff's citation to *Craighead* is that the court there made no mention of the prior claim being dismissed with prejudice. *See id.* Because *Hall*, the prior case in question, was dismissed with prejudice, there has been a final judgment on the merits.

Another way of understanding why *Hall* was decided on the merits is to think about its preclusive effect on the plaintiff there. Whether or not James Hall is permitted to relitigate those same claims against Defendants depends on whether his settlement resolved the claims on the merits. And a finding here that the *Hall* decision was not an adjudication on the merits could open the door for James Hall to file that same lawsuit again, running roughshod over the doctrine of claim preclusion. All is not lost for Plaintiff, however. The second element of claim preclusion addresses the unfairness concerns that animate Plaintiff's arguments.

Plaintiff is correct that the second element of claim preclusion is not met; this is not a subsequent suit between the same parties or their privies. Clearly, James Hall and Marsha Forrester are not the same party. The only real issue here is whether they are privies. Blacks

11

Law Dictionary defines a privy as "[a] person having a legal interest of privity in any action, matter, or property; a person in privity with another." Black's Law Dictionary, 7th ed.1999; *see also Suntrust Bank v. Stoner*, No. 3:07-cv-387, 2009 WL 998403, at *2 (E.D. Tenn. Apr. 14, 2009) ("[P]rivity is not established by parties being legally connected, either by contract, blood, or some other means, but rather whether they can claim the same legal rights asserted to the subject matter."). Marsha Forrester did not have a legal interest in her brother James's lawsuit. "The law is clear . . . that 'the opt-in provision of section [216] provides for no legal effect on those parties who choose not to participate.' " *Akins v. Worley Catastrophe Response*, LLC, 921 F. Supp. 2d 593, 603 (E.D. La 2013) (*quoting Yates v. Wal-Mart Stores*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999)). Indeed, "[n]either claim nor issue preclusion applies to settlement agreements in FLSA actions to which plaintiffs in a later-filed action did not opt in." *Id.*

Marsha Forrester did not opt-in to James Hall's lawsuit, so the two plaintiffs are not privies.[4] The Court finds that claim preclusion does not bar this lawsuit from proceeding.

### III. PLAINTIFF'S INFORMAL REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT

In the event that the Court is persuaded by the arguments in Defs.' Mot., Plaintiff submitted an alternative argument at the end of her brief in opposition asking for leave to file an amended complaint. *See* Pl.'s Opp'n at 8–9. Defendant responds that the Court should deny this request because Plaintiff's amendment would be futile. *See* Defs.' Reply at 5–6.

---

[4] The Supreme Court's subsequent decision in *Genesis Healthcare Corp. v. Symczyk* corroborates this conclusion. 569 U.S. 66 (2013). There, the Supreme Court stated that "[u]nder the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status." *Id.* at 75. If the consequences of conditional certification fail to create a legal interest, then plainly dismissal of an FLSA claim that had not even reached the certification stage likewise fails create a legal interest. *See id.*

Although a request to amend should normally be freely given under Federal Rule of Civil Procedure 15(a), the Sixth Circuit has held that "an informal request contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to amend." *Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017) (*citing Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000)). In *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004), the Sixth Circuit approved a district court's decision to deny a request to amend a complaint because:

> [p]laintiffs failed to follow the proper procedure for requesting leave to amend. They did not actually file a motion to amend along with an accompanying brief, as required by the local rules governing practice before the district court. Instead, they simply included the following request in their brief opposing the Defendants' motions to dismiss.

*Id.* at 699. *PR Diamonds* continued to express the Sixth Circuit's "disfavor" of such "bare request[s]," *id.*, by quoting from *Begala*:

> Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint . . . . Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.

*Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000) (emphasis in original).

Thus, the Court has no obligation to grant Plaintiff's informal request to amend. Also cutting against Plaintiff's position is the fact that the motion to dismiss was filed in February and it is now September, meaning that Plaintiff has had ample time to file a motion to amend. *See Anderson v. City of Fulton, Kentucky*, No. 5:18-CV-032-TBR, 2019 WL 4130800, at *5 (W.D. Ky. Aug. 29, 2019) (finding that a plaintiff "had plenty of opportunities to file a motion to amend" when three months had passed since the motion to dismiss was filed). Under these circumstances, the Court denies Plaintiff's informal request to amend the complaint. *See id.*

13

### IV. PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL PLAINTIFFS

Plaintiff filed a motion asking the Court to conditionally certify a class and approve a notice that will be sent to potential opt-in plaintiffs. *See* Pl.'s Mot; *see also* Pl.'s Reply, Dkt. 17. The Defendants contend that Plaintiff failed to adequately plead a class or collective action. *See* Defs.' Resp. to Mot. for Certification, Dkt. 15. The Court need not resolve this issue because it grants Defendants' motion to dismiss each of Plaintiff's claims.

### V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendant F. Michael Jones's Motion to Dismiss, Dkt. 13, is GRANTED.

2. Defendant American Security and Protection Service LLC's Motion to Dismiss, Dkt. 14, is GRANTED.

3. Plaintiff's Request to Amend found in Plaintiff's Opposition, Dkt. 16, is DENIED.

4. Plaintiff's Motion for Conditional Certification and Notice to Potential Plaintiffs, Dkt. 11, is DENIED.

IT IS SO ORDERED

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 8, 2021